# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 08-50702
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD DWAIN HART,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:01-CR-96-ALL

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reginald Dwain Hart, federal prisoner # 15300-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on amendments to the Sentencing Guidelines for crack cocaine. He pleaded guilty to distribution of crack cocaine and was sentenced as a career offender under U.S.S.G. § 4B1.1 to 151 months in prison. By moving to proceed IFP, Hart is challenging the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

On appeal, Hart argues that he is entitled to resentencing under Amendment 706 to the Guidelines. His guidelines imprisonment range was not derived from the quantity of crack cocaine involved in the offense but rather from his status as a career offender. Therefore, the district court was correct in concluding that a sentencing reduction was not permitted. *See* § 3582(c)(2); *United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009).

Additionally, Hart challenges his status as a career offender. A § 3582(c)(2) motion may not be used to challenge a district court's calculation of an original sentence or to contest the appropriateness of the sentence. *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Thus, Hart's challenges to his status as a career offender are not cognizable in a § 3582(c)(2) motion. *See id.*

Next, Hart argues that because the Sentencing Guidelines are no longer mandatory in light of *United States v. Booker*, 543 U.S. 220 (2005), the sentencing judge was entitled to disagree with the career offender provisions and could have imposed a lower sentence. He maintains that the district court failed to consider the 18 U.S.C. § 3553(a) factors and failed to provide reasons for the sentence imposed. *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010) (holding that *Booker* does not apply to § 3582(c)(2) proceedings).

Hart has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. Hart's motion for the appointment of counsel is DENIED.